■ FILMVIDEO RELEASING CORPORATION, Respondent, v. LOCHSLEY HALL, INC., et al., Appellants.— Order entered October 28, 1969, granting plaintiff-respondent's motion for summary judgment and denying defendants-appellants' cross motion for a stay, and judgment in favor of plaintiff-respondent against defendants-appellants entered October 29, 1969, unanimously reversed, on the law, with $50 costs and disbursements to defendants-appellants to abide the

event, and the motion for summary judgment denied, and the cross motion granted in the exercise of discretion to the extent of consolidating this action with the action entitled *Lochsley Hall* v. *Filmvideo Releasing Corp.* now pending in Supreme Court, New York County. It appears that the earlier action was instituted by plaintiff therein, Lochsley Hall (a defendant-appellant here), to rescind the agreements underlying the notes which are the subject of this later action. Special Term denied Lochsley Hall's motion for partial summary judgment of rescission, and granted summary judgment dismissing the complaint to defendant therein, Filmvideo (plaintiff-respondent here). That disposition was appealed prior to the time that Special Term had before it the motion here reviewed for summary judgment on the notes, together with the cross motion for a stay pending disposition of that appeal. Special Term noted that, should there eventually be a holding for rescission in the earlier action, the notes would fall, but that the ruling against rescission, then under review here, remained in effect until and if reversed, and that it could not be collaterally set aside. In this posture, Special Term had no choice but to make the ruling here considered, which denied the stay, and granted summary judgment on the notes. Since then, however, that earlier ruling has been reversed by this court (Appeal No. 1167, Nov. 6, 1969 [33 A D 2d 644]), without prejudice to renewal after conclusion of all pretrial proceedings. Since the outcome of that action may well affect the result of this, they should be considered at the same time in the same forum, also without prejudice to renewal in the same circumstances described in the holding of this court in Appeal No. 1167. Concur — Capozzoli, J. P., Markewich, Steuer and Macken, JJ.